EXHIBIT A

# TERMS AND CONDITIONS OF SALE

1.     These Terms and Conditions of Sale (these "Terms of Sale") are being promulgated in connection with the public auction sale (the "Auction Sale") by Ronald J. Friedman, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the bankruptcy estate of Frederic Bouin (the "Debtor"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 21-11932 (DSJ), of the Debtor's estate's rights, title and interest in and to in the condominium apartment known as, and located at, 721 Fifth Avenue, Apartment 34EF, New York, New York 10022 (the Apartment").

2.     The Auction Sale is being conducted pursuant to sections 363(b), (d), (f), (k) and (m) of title 11, United States Code (the "Bankruptcy Code"), subject to approval by the Bankruptcy Court, and shall be held **live virtually online on June 8, 2022 starting at 1:00 p.m.** (the "Auction Date"). Online bidding will be made available for preregistered bidders via Maltz Auctions, Inc. ("Maltz Auctions"), the Trustee's retained Broker, online bidding App available for download in the App Store or on Google Play, via desktop bidding at RemoteBidding.MaltzAuctions.com, or telephonically. Further information on how to submit bids will be available by contacting Maltz Auctions at the following:

**Maltz Auctions**
**Trustee's Broker**
**39 Windsor Place**
**Central Islip, NY 11722**
**(516) 349-7022**
**www.MaltzAuctions.com**

3.     In order to be permitted to bid on the Apartment, prior to the commencement of the Auction Sale, each prospective bidder must deliver to Maltz Auctions, the Trustee's broker (the "Broker"), or the Trustee, by wire transfer, certified check or bank check, the sum of Three Hundred Thousand and 00/100 ($300,000.00) Dollars (the "Qualifying Deposit") payable to "Ronald J. Friedman, Esq. Chapter 11 Operating Trustee", which amount shall serve as a partial good faith deposit against payment of the purchase price, which shall be equal to the successful bid submitted at the Auction Sale (the "Purchase Price"), by such competing bidder as the Trustee determines to have made the highest or best bid for the Apartment (the "Successful Bidder").

4.     The Auction Sale of the Apartment will be subject to buyer's premium (the "Buyer's Premium") in the amount of five percent (5%) of the gross sales price of the Apartment. The Buyer's Premium shall be added to the final sale price and payable by the Successful Bidder of the Apartment, and the estate shall not be responsible to pay any portion of the Buyer's Premium.

5.     Within 48 hours after conclusion of the Auction Sale, the Successful Bidder shall deliver to the Trustee by wire transfer, certified check, or bank check an amount equal to 10% of the Purchase Price, less the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus the Buyer's Premium.

6. The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within forty-eight (48) hours after conclusion of the Auction Sale. Failure of the Successful Bidder to tender the ten (10%) percent Deposit of the high bid at auction and the five (5%) percent Buyer's Premium within forty-eight (48) hours after conclusion of the Auction Sale shall result in an immediate default under these Terms of Sale and the Memorandum of Sale, and shall result in the forfeiture of all earnest monies paid, including the Buyer's Premium.

7. The Successful Bidder and the competing Bidder who the Trustee determines to have made the second highest or best bid for the Apartment (the "Second Highest Bidder") must execute, and thereby agree to be bound by (i) these Terms of Sale, and (ii) a Memorandum of Sale. At the conclusion of the Auction Sale, the Trustee or the Broker will return the Qualifying Deposits to all other bidders, except to the Successful Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit shall be returned within five (5) business days from the date the Successful Bidder receives approval from the Board of Directors for the condominium to purchase the Apartment.

8. The closing of the transaction contemplated by these Terms of Sale (the "Closing") shall take place at the offices of SilvermanAcampora LLP, attorneys for the Trustee, at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, commencing at 11:00 a.m. (EST) on a date to be determined. The Closing shall occur within twenty (20) days of approval (the "Closing Date"), of the Successful Bidder or the Second Highest Bidder, as the case may be, by the board of the condominium but in no event earlier than forty-five (45) days following the Auction Date. **TIME BEING OF THE ESSENCE as to the Successful Bidder or the Second Highest Bidder, as the case may be**, although the Closing Date may be extended solely by the Trustee at his option and discretion.

9. The Successful Bidder or the Second Highest Bidder, as the case may be, shall be obligated to close title to the Apartment. There are no contingencies of any kind or nature that will permit the Successful Bidder or the Second Highest Bidder, as the case may be, or any other qualifying bidder, to cancel or avoid their obligation under these Terms of Sale, other than the denial of the permission of the condominium board to purchase said Apartment. In the event that the Successful Bidder or the Second Highest Bidder, as the case may be, fails to close title to the Apartment for any reason whatsoever, including failure to tender the entire Purchase Price at the Closing, the Successful Bidder shall forfeit (a) the Deposit to the Debtor's estate, and (b) the right to obtain title to the Apartment. In the event that (a) the Trustee is unable to deliver the Apartment in a manner consistent with these Terms of Sale, or (b) the Court fails to enter the Sale Order (as defined in ¶13, below), the Deposit will not be forfeited, and the Deposit shall be returned to the Successful Bidder or the Second Highest Bidder, as the case may be, promptly, without interest. In the event that the Trustee fails to close, it is acknowledged that return of the Deposit is the Trustee's only obligation hereunder, and the Successful Bidder and/or the Second Highest Bidder will have no recourse against the Trustee, the Trustee's retained professionals, the Debtor or the Debtor's estate. As stated above, **Time is of the Essence against the Successful Bidder or the Second Highest Bidder, as the case may be.**

10. The Successful Bidder or the Second Highest Bidder, as the case may be, further acknowledges that it will be responsible for the completion of any forms, if required, to effectuate the transfer of the Apartment, and shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Apartment inspections; appraisals, reports and other costs of Apartment due diligence; and County, State, New York City, or other real property transfer, deed or documentary tax, flip tax, or other taxes imposed upon the sale due in connection with the transfer of the Apartment from the Debtor at Closing, which shall also include the payment of all closing costs due to the condominium board and/or managing agent. The Trustee intends to consummate the Closing pursuant to a confirmed Chapter 11 Plan so that no transfer tax is incurred at Closing pursuant to section 1146(a) of the Bankruptcy Code. Notwithstanding the foregoing, if any County, State, New York City, or other real property transfer taxes are due at Closing, the Successful Bidder or the Second Highest Bidder, as the case may be, shall be responsible for payment of same.

11. The Successful Bidder and the Second Highest Bidders acknowledge that they will be responsible for the completion of any ACRIS forms, if required. The Trustee shall not be required to execute any form of title affidavit (but may in his sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions. The Successful Purchaser or the Second Highest Bidder, as the case may be, acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms.

12. The Successful Bidder or the Second Highest Bidder, as the case may be, shall have demonstrated, to the sole satisfaction of the Trustee or the Court, as the case may be, evidence of its ability to conclude the transaction upon these Terms of Sale, without delay. The Trustee reserves the right to reject any offeror, who in the sole discretion of the Trustee is not financially capable of consummating the purchase of the Apartment. **Expenses incurred by the Successful Bidder or the Second Highest Bidder, as the case may be, or any other competing bidder concerning any due diligence, such as obtaining title reports and other due diligence information, shall be the sole responsibility of such bidder, and under no circumstances shall the Trustee, the Trustee's retained professionals, the Debtor or the Debtor's estate be responsible for, or pay, such expenses.**

13. The Trustee shall seek an order of the Bankruptcy Court (the "Sale Order") prior to the Closing to confirm the result of the Auction Sale of the Apartment to the Successful Bidder and the Second Highest Bidder in the event the Successful Bidder defaults or does not receive the board of the condominium's approval to purchase the Apartment.

14. In the event that the Successful Bidder for the Apartment fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these Terms of Sale, the Trustee, at his sole option and discretion, shall be authorized to sell the Apartment to the Second Highest Bidder, without any further notice, and without giving the Second Highest Bidder credit for the Deposit, plus the Buyer's Premium, forfeited by the Successful Bidder, and upon such other terms and conditions as the Trustee deems appropriate. Should the Second Highest Bidder fail to close on the Apartment, within

such time as the parties may agree but not to exceed thirty (30) days after notice from the Trustee to the Second Highest Bidder of its obligations to Close, the Trustee shall be authorized to sell the Apartment to the next highest or best bidder at the Auction Sale, without the necessity of any further notice. All bidders who execute a copy of these Terms of Sale shall be bound to all terms and conditions contained herein.

15. The Apartment is being sold "AS IS" "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all liens or adverse claims to title, of whatever kind or nature, and subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) all leases, approvals for ownership, and/or occupancies, if any, as may exist or encumber the Apartment or any portion(s) thereof; and (f) environmental conditions. By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Apartment, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Apartment in making their bids. Neither the Trustee, nor any of his retained professionals make any representations or warrantees with respect to the permissible uses of the Apartment. All bidders acknowledge that they have conducted their own due diligence in connection with the Apartment, and are not relying on any information provided by the Trustee, or the Trustee's retained professionals.

16. Each bidder hereby expressly agrees and acknowledges that neither the Trustee, nor any of his retained professionals have made any representations or warranties, nor is such bidder relying on any statements or information provided by the Trustee, nor any of his retained professionals, including, but not limited to any representations, warranties, statements or information as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Apartment or this Auction Sale, which might be pertinent to the purchase of the Apartment, including, without limitation, (i) the current or future real estate or other tax liability, assessment or valuation of the Apartment or transfer thereof; (ii) the potential qualification of the Apartment for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Apartment from any source, including, but not limited to, any state, city or federal government or institutional lender; (iv) the current or future use of the Apartment; (v) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; and (vi) whether any and all documents in the Trustee's possession that relate to the Loans are original documents with wet ink signatures. The Trustee is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Apartment, made or furnished by the Trustee or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee.

17. The Trustee shall convey the Apartment by delivery of a Trustee's Deed. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure.

18. None of the Trustee, his retained professionals, the Debtor, or the Debtor's estate are liable or responsible for the payment of fees of any broker or other agent. The only commissions that the Debtor's estate may be liable for are those of the Broker, which has been retained pursuant to an Order of the Bankruptcy Court, and (b) of the Trustee, both of which remain subject to Bankruptcy Court approval.

19. Nothing contained in these Terms of Sale is intended to supersede or alter any provisions of the Bankruptcy Code, or otherwise interfere with the jurisdiction of the Bankruptcy Court. These Terms of Sale are subject to modification as may be directed by the Trustee or by the Bankruptcy Court. The Trustee reserves the right to modify these Terms of Sale, subject to the foregoing, to maintain consistency with the provisions of the Bankruptcy Code and/or Orders of the Bankruptcy Court.

20. By tendering the Deposit and executing these Terms of Sale, all bidders acknowledge that they have read all of the terms and conditions contained herein, and have agreed to be bound by the same. Moreover, all bidders who execute these Terms of Sale warrant and represent that they have the full power and authority to execute and deliver these Terms of Sale and to perform the obligations hereunder. These Terms of Sale constitute a valid and legally binding obligation of the bidder who executes them, and is enforceable upon such bidder in accordance with these Terms of Sale.

21. These Terms of Sale shall be binding upon, and inure to the benefit of the parties hereto, and their respective successors, designees and/or permitted assigns. No party hereto may assign either these Terms of Sale or any of the rights, interests or liabilities hereunder without the prior written approval of the other party.

22. Each of bidders who tender a Qualifying Deposit and the Trustee will bear their own costs and expenses (including legal fees and expenses) incurred in connection with these Terms of Sale and the transaction contemplated hereby.

23. These Terms of Sale will be read into the record, or specifically incorporated by reference, at the Auction Sale.

24. If the Trustee is unable to deliver the Apartment in accordance with these Terms of Sale for any reason whatsoever, his only obligation will be to refund the Deposit and the Buyer's Premium, <u>without</u> interest, to the Successful Bidder or the Second Highest Bidder, as the case may be, and upon such refund, the Successful Bidder or the Second Highest Bidder, as the case may be, will have no claim or recourse against the Trustee, his retained professionals, including his counsel and the Broker, the Debtor and the Debtor's estate, and shall have no further rights under these Terms of Sale or Memorandum of Sale.

25. The Trustee reserves his right to withdraw the Apartment from the Auction Sale, either prior, or subsequent to the Auction Sale, for any reason whatsoever, as he deems necessary or appropriate.

26. The Auction Sale of the Apartment is subject to confirmation by the Trustee, approval of the Board of Directors for the condominium in accordance with the bylaws of the condominium, and approval of the Bankruptcy Court.

27. To the extent that the Successful Bidder or the Second Highest Bidder, as the case may be, is procured through the services of a Licensed Real Estate Co-Broker, the only commission that will be paid is to the Licensed Real Estate Co-Broker who registers the Successful Bidder and/or the Second Highest Bidder in accordance with the Broker Participation Agreement, which any such Licensed Real Estate Co-Broker must execute in order to register a bidder and has received confirmation of receipt and acknowledgement of such valid registration by the Broker.

28. The Trustee or the Trustee's attorney shall notify the Successful Bidder whether the Auction Sale is confirmed. The Bankruptcy Court shall determine any disputes concerning the Auction Sale of the Apartment. By participating in the Auction Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending case. **Within five (5) days thereafter, the Successful Bidder and the Second Highest Bidder are required to make an application and/or take whatever steps are necessary for approval from the Board of Directors for the condominium. If the Successful Bidder fails to do so, the Deposit may be forfeited and the Trustee may seek to sell the Apartment to the Second Highest Bidder.**

29. Pursuant to S.D.N.Y. L.B.R. 6004-1 no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser, or relative of any of the foregoing, shall purchase directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser has been employed to appraise or sell, including, but not limited to the Apartment.

I have read these Terms of Sale and agree to be bound by them.

By: _____    Date: _____

2784964v3 / 069349.1 / NBEBIRIAN

# MEMORANDUM OF SALE – SUCCESSFUL BIDDER

High Bid Realized at Auction: _____
5% Buyer's Premium: _____
**Purchase Price:** _____

The undersigned purchaser has this ___ day of _____, 2022, agreed to purchase the Debtor's estate's rights, title and interest in and to the condominium apartment known as, and located at, 721 Fifth Avenue, Apartment 34EF, New York, New York 10022 (the "Apartment") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from Ronald J. Friedman, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the bankruptcy estate of Frederic Bouin (the "Debtor"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 21-11932 (DSJ), and being sold by the Trustee for the highest or best offer as the Trustee in his sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Auction Sale for the Apartment, as set forth in the annexed Terms of Sale.

_____  _____
PURCHASER (Signature)             PURCHASER (Signature)


_____  _____
PRINT NAME OF PURCHASER           PRINT NAME OF PURCHASER


_____  _____
ADDRESS                           ADDRESS


_____  _____
TELEPHONE NUMBER                  TELEPHONE NUMBER


_____  _____
EMAIL                             EMAIL

Received from _____ the sum of $_____ as a non-refundable deposit for the purchase of the Apartment pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

Ronald J. Friedman, Esq., Chapter 11 Operating Trustee
SilvermanAcampora LLP, Counsel to the Trustee
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
(516) 479-6300
(516) 479-6301 Fax

This is to verify that the offer for the above captioned Apartment is for the sum of $_____.

_____
Maltz Auctions

## ATTORNEY INFORMATION

Name _____

Address _____

_____

Phone _____

Email _____

8

2784964v3 / 069349.1 / NBEBIRIAN

# MEMORANDUM OF SALE – SECOND HIGHEST BIDDER

Bid Realized at Auction: _____
5% Buyer's Premium: _____
**Purchase Price:** _____

The undersigned purchaser has this __ day of _____, 2022, agreed to purchase the Debtor's estate's rights, title and interest in and to the condominium apartment known as, and located at, 721 Fifth Avenue, Apartment 34EF, New York, New York 10022 (the "Apartment") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from Ronald J. Friedman, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the bankruptcy estate of Frederic Bouin (the "Debtor"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 21-11932 (DSJ), and being sold by the Trustee for the highest or best offer as the Trustee in his sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Auction Sale for the Apartment, as set forth in the annexed Terms of Sale.

_____        _____
PURCHASER (Signature)                  PURCHASER (Signature)


_____        _____
PRINT NAME OF PURCHASER                PRINT NAME OF PURCHASER


_____        _____
ADDRESS                                ADDRESS


_____        _____
TELEPHONE NUMBER                       TELEPHONE NUMBER


_____        _____
EMAIL                                  EMAIL

9

2784964v3 / 069349.1 / NBEBIRIAN

Received from _____ the sum of $_____ as a non-refundable deposit for the purchase of the Apartment pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

Ronald J. Friedman, Esq., Chapter 11 Operating Trustee
SilvermanAcampora LLP, Counsel to the Trustee
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
(516) 479-6300
(516) 479-6301 Fax

This is to verify that the offer for the above captioned Apartment is for the sum of $_____.

_____
Maltz Auctions

## ATTORNEY INFORMATION

Name _____

Address _____

        _____

Phone _____